# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Number: 1:13-cr-00009 |
| | ) | |
| Plaintiff | ) | Judge Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | **MOTION OF NON-PARTY MOVANT,** |
| GEZIM SELGJEKAJ, | ) | **BRIAN GALLAGHER, TO QUASH** |
| | ) | **SUBPOENA DUCUS TECUM,** |
| Defendant | ) | **PURSUANT TO RULE 17(c)(2)** |
| | ) | **FEDERAL RULES OF CRIMINAL** |
| | ) | **PROCEDURE** |

Now comes non-party Brian Gallagher by his counsel, John B. Gibbons, who moves this Honorable Court, pursuant to the provisions of Rule 17(c)(2) Federal Rules of Criminal Procedure to quash the attached "ducus tecum" subpoena which purports to compel the production of documents from a government witness. The subpoena ducus tecum does not conform with the requirements of Rule 17(c) Federal Rules of Criminal Procedure and should be quashed pursuant to Rule 17(c)(2) Federal Rules of Criminal Procedure. Moreover, Counsel for The issuing party is well aware that the documents requested are in possession of government counsel and must be obtained in the pretrial discovery process. Arguments in support of said motion are contained in the attached Brief and exhibit.

                                                      Respectfully submitted,

                                                      <u>John B. Gibbons</u>
                                                      John B. Gibbons, Esq. (0027294)
                                                      Attorney for Non-Party Movant, Brian Gallagher
                                                      1370 Ontario Street
                                                      2000 Standard Building
                                                      Cleveland, Ohio 44113
                                                      (216) 363-6086; Fax (216) 363-6075
                                                      Email:  jgibbons4@sbcglobal.net

2

CERTIFICATE OF SERVICE

    I hereby certify that on May 3, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this through the Court's system.

John B. Gibbons
John B. Gibbons
Attorney for Non-Party Movant, Brian Gallagher

<u>Brief</u>

The attached subpoena "ducus tecum" issued to Brian Gallagher, in care of his Attorney does not conform to or make reference to Rule 17(c) F.R.C.R.P. and is invalid on its face.  The subpoena issued to Brian Gallagher's Attorney, John B. Gibbons, purports to direct and/or command Mr. Gallagher to appear in the court room of the District Court Judge in the Stokes Federal Courthouse on Monday, May 6, 2013 at 9:00AM.  A review of the electronic docket in the instant case does not reflect that any court proceedings are scheduled for that date and time.

The subpoena purports to order the production of certain documents "ducus tecum" on a date and time for a non-existent court proceeding.  The subpoena also purports to inform the witness that in lieu of a personal appearance, the documents can simply be mailed to the Assistant Public Defender.

Rule 17(c) Federal Rules of Criminal Procedure provides for the defense use of subpoenas to obtain documents or objects in preparation for trial.  The Rule provides as follows:

> (c) **Producing Documents and Objects**
> (1) **In General**.  A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

It is therefore clear that a Rule 17(c) subpoena constitutes an order from the District Court directing a witness to produce designated items at the District Court before trial or before the items are offered into evidence.  It is also clear that a Rule 17(c) subpoena provides that the District Court may permit the parties and their attorneys to inspect all or part of the documents in court.

Neither the Defendant, nor his Counsel, are parties to this case and are not privy to any case management order that this District Court may have issued regarding the issuance of Rule

3

17(c) subpoenas or the conduct of, and /or procedure for discovery in this case. Moreover, Counsel for the Defendant has not seen fit to bolster the facial invalidity of this purported Rule 17(c) subpoena by reference to any other District Court order applicable to this specific case. Therefore, Counsel for Mr. Gallagher must conclude that this subpoena, although seemingly legitimate on its face, does not in fact, comply with the dictates of Rule 17(c) of the Federal Rules of Criminal Procedure.

    The undersigned Counsel has determined that Counsel for the Defendant is aware that Mr. Gallagher was and has been listed as a government witness for trial, that he gave testimony before the Grand Jury and provided all relevant documents to Government Counsel. Therefore, Counsel for the Defendant is obligated to look to Government Counsel for production of those documents, pursuant to Rule 16, Federal Rules of Criminal Procedure, as this is a "production of documents" issue to be resolved in Discovery by Government Counsel and Defense Counsel.

## Conclusion

    Pursuant to Rule 17(c)(2) Movant and potential government trial witness, Brian Gallagher, moves this Court to enter an order quashing production of documents as called for in Defendant's purported Rule 17(c) subpoena on the basis that the subpoena issued is invalid and compliance would be unreasonable and oppressive.

    Respectfully submitted,

John B. Gibbons
John B. Gibbons, Esq. (0027294)
Attorney for Non-Party Movant, Brian Gallagher
1370 Ontario Street
2000 Standard Building
Cleveland, Ohio 44113
(216) 363-6086; Fax (216) 363-6075
Email:  jgibbons4@sbcglobal.net

4